Good afternoon, Your Honors. Ryan G. Kay on behalf of Appellant Watec America. The issue here is very simple. The District Court made an impermissible finding of a disputed fact on a pleading motion. It disregarded the specific allegations in the complaint and made an unsupported conclusion of the contrary. Specifically, the District Court concluded that Watec America, the plaintiff, was in the same position as its parent company, third-party Watec Japan. Based on that conclusion, the Court applied the doctrine of judicial estoppel. As a result, Watec America, the plaintiff, was estopped from going forward on its malpractice claim against its own former attorneys. Now, there was no basis in the complaint for the Court's conclusion. Watec America and Watec Japan are specifically pledged to be separate entities. In 2005, Watec America became the wholly-owned subsidiary of Watec Japan. However, prior to that event, there's no dispute that Watec America and Watec Japan were separate corporate entities. What does the settlement document say? Is this a full and complete settlement of all claims between the parties? Does it reserve the right to sue counsel? Yes, it does, Your Honor. For America in Japan's favor? It reserves, my understanding is it reserves all the rights as to Watec America and that it still remains a separate entity. Can it express withholding of settling as far as the attorney is concerned? I do not believe the document states that, Your Honor. Watec America, there was no basis in the complaint. After the entry of the bankruptcy court order, the relationship between Watec America and Watec Japan changed. They became a parent and subsidiary. But that change in relationship does not mean their corporate separateness as a matter of law was disregarded, as the Court concluded. Whether or not Watec America and Watec Japan are, in fact, the same or separate entities is a question of fact. And as a disputed question of fact, we submit that it cannot be decided on a pleading motion, particularly when there's no support in the complaint, which was the sole basis for the Court's ruling. Was the malpractice claim an asset in the bankruptcy? I do not believe the malpractice complaint was specifically mentioned as part of the reorganization of the bankruptcy orders that were entered in 2005. The claim was potentially before the bankruptcy court and waived by Japan, right? Well, Watec didn't file a claim. Actually, Watec America did file a claim in the bankruptcy court action against Myers-Dawes. That action was subsequently transferred, pursuant to stipulation of parties, to the Central District Court. So, in fact, an action was initiated in the bankruptcy court proceeding. No, that action was subsequently between the defendants presently here, Myers-Dawes and Watec America. That action was transferred to the Central District Court, and that becomes the basis of this appeal. Okay. You say the judge didn't construe the complaint in the light most favorable to you, if I hear you right. That is correct. The Court actually disregarded what we alleged. Let's say we take as a given, I mean, no one really disputes the fact that Watec America and Watec Japan were two separate entities at the time of the lawsuit. They were suing each other. They were adverse parties. They weren't one and the same. We take that in the light most favorable to you. No one really contests that. Nevertheless, judicial estoppel is a discretionary doctrine, isn't it? It is. So even if we took those facts just as you plead them, why isn't Judge Cooper within her discretion to say, notwithstanding that, judicial estoppel applies here? Well, you're correct, Your Honor, that estoppel is a discretionary doctrine. But I don't believe the estoppel doctrine enables the Court to make a factual conclusion of a disputed fact at the pleading stage. What fact is disputed? The Court applied the doctrine of estoppel based on the conclusion that Watec Japan would be getting a double recovery. That's not a fact. That's a conclusion. I mean, that's her view of things. That's not a fact, and we take as a given that they were two separate entities. It's the theory by which she makes it part of the claim. I think at the pleading stage, if you look at the number of judicial estoppel cases that were previously decided before this Court, when it's applied, there's some type of factual evidence that enables the Court to make that conclusion. I believe that it's undisputed that these two companies were suing each other. Correct. It's undisputed that one company acquired the other company. Correct. And it's undisputed that the one who lost the lawsuit is now suing its own former attorneys for malpractice. So these facts are not disputed. What she did with it, you don't like, but the facts aren't disputed. Those three facts that the Court decided, I agree with those, but I don't believe that that enables the Court to conclude that Watek Japan is getting a double recovery. Well, that's a different story. Why is she wrong about that? Because Watek America is a plaintiff in this action. Watek America is seeking relief for its own harms. The Court's order, the concept of the Court's reflection, the Court's order of double recovery that Watek Japan is recovering, is a conclusion that Watek Japan is benefiting from this lawsuit and that Watek Japan is bringing this lawsuit because it's Watek Japan's position that creates the inconsistency on which the Court is applying the doctrine of estoppel. Isn't Watek Japan now the sole shareholder of Watek America? That is correct, in 2005. So it doesn't benefit the plaintiff in the first case? Well, to the extent there's some – She recovers on malpractice. Well, Watek America is the one recovering. That's our position. Watek Japan is obviously the parent company of Watek America. And the sole shareholder of the party recovering. That is correct, Your Honor. Okay. But I submit that under other instances, whether it's in a context of personal jurisdiction, context of attorney representation, the courts are not allowed to make the conclusion at the pleading stage that a subsidiary and a parent company are one and the same,  If Watek Japan took the position in its litigation with Watek America that the plaintiff's lawyers were guilty of malpractice or not guilty of malpractice and they still recovered, this would not be a double recovery. But since they have recovered in full by taking the corporation, they want an additional recovery from the attorneys that lost that lawsuit, right? Well, I would phrase it this way. I believe Watek America is seeking to recover from the harm that it incurred in the underlying action. Whose benefit, though? Whose ultimate benefit? Who's behind the lawsuit? Well, I think it – I don't know what Japan is, but who's Japan? It's its shareholder. That's correct. Okay. But I believe that Watek America is still its own separate entity. And as its own separate – I mean, it's a legal entity. I understand that. And I believe, at least at the pleading stage, it's entitled to the benefits and burdens that come with being its own separate corporation. If this was – if we sent it back for further development and trial, what facts would come out that we don't know about? Anything? Well, the underlying malpractice of the record is what the record is. With respect to the relationship between Watek America and Watek Japan, which is, I assume, what the court is asking, our belief is it will show that Watek America is its own separate entity, that it owns property in its own name, that it's been sued in other courts in its own name, and that it has respected all the corporate formalities between Watek Japan and Watek America. And I believe, at the pleading stage, to make that conclusion to the contrary is inappropriate. I think that that's what discovery is for. That's what – we're at the pleading stage. There's no dispute Watek America has pled a proper claim for malpractice. Now, we may – we've been discussing who's actually benefiting from that, but I believe, again, that's a question of fact. Now, we can – the defendants in the court concluded that it was Watek Japan making that – the one benefiting from it. But there was no basis, either in the record or, as far as I know – Watek Japan, on the basis of the record to date, has no business being here at all. I would agree with that. They're a third party. They're alleged to be a third party. We pled their relationship to Watek America in the complaint. But then from that, the court made the leap that Watek Japan was acting through and getting a double recovery through Watek America. And I understand that it's an unusual set of circumstances, but I think it's important to emphasize we're at the pleading stage here. And while, you know, you've convinced me that it's at the pleading stage, the result of which is we have to construe everything in your favor. I understand that. What you haven't explained, I don't think, is why, taking all these facts in your favor, she still has abused her discretion in applying judicial estoppel. If you could point to one fact that she hasn't construed in your favor, let me know. But right now, I'm with you. Everything you plead, I take as true. Okay. So what? She still found that you should be judicially estopped, and that's a discretionary call. Well, I understand the court has a discretion. I believe that she made a factual conclusion, and I believe that she made the factual conclusion as reflected in her order. Her order? That conclusion was what? That Watek Japan was acting through Watek America, and that Watek Japan was taking inconsistent positions in the complaint. The only way the doctrine of judicial estoppel applies is if the court imputes Watek Japan's actions from the underlying action to Watek America in this action, because Watek America's position has always been consistent. It's always alleged that these affirmative defenses should have applied. So the court found that there was an inconsistency. That's not what they pleaded in the main action. There was no affirmative defense at all. As far as they were concerned, they won and got the settlement. And now they claim, oh, there's an asset of the corporation. It's a claim against the attorneys. Lucky us. We'll go after him. That's what happened, isn't it? Well, I think I disagree with that. I mean, I believe under the law, Watek America is its own separate entity. It can go forward. And I understand that the court accepts everything that I've put forward so far, and I think the biggest point showing that the court erred in applying the estoppel then is that it applied the doctrine of estoppel based on an inconsistency in the position taken by Watek America in this malpractice action. And in order to find that inconsistency, it is imputing the actions of Watek Japan. And I don't believe that's proper, because in order to impute the actions of a then third party to Watek America now is the equivalent of the court concluding that they're one and the same. One of the concepts of estoppel is it's the same party. So logically it must follow that the court assumes Watek America and Watek Japan are the same party. Otherwise, it could not have applied the doctrine of estoppel based on the inconsistency, because Watek America's position has always been consistent. As the court's own order reflects, Watek Japan would get a double recovery through opposing legal theories. But to reach that conclusion that they're opposing legal theories, the court is naturally concluding that Watek Japan and Watek America are one and the same. If you accept that Watek America and Watek Japan are separate entities in the preceding action, and you accept that they're separate entities now, then there is no inconsistency in Watek America's position based on the complaint in which to apply the doctrine of estoppel. Did you want to reserve some time for? Yes, please. Thank you very much. Good afternoon. Good afternoon, Your Honors. Peter Stone on behalf of the Myers-Dawes defendants, and I'd like to reserve, we'll see how it goes, but I'd like to reserve two minutes on the cross-appeal if possible. Are you splitting time with counsel? I am. How are you dividing up the time? I'm going to take 12 minutes and counsel to eight. So 10 plus two is what I was thinking, Your Honor. Okay. Thanks. Thank you very much. Paragraph 53 of the complaint, which is found at tab one in the record, includes the allegation that Watek Japan owns and controls Watek America, and I think that is the only fact that the court needed to get to where it did on judicial estoppel. In the colloquy with counsel before me, there was lots of discussion about the double recovery point and discretion, and they were the first two things on my list. If the court has any questions about those issues, I'd be glad to address them, but if not, I'll move on. We pointed out in our brief that this is not an unusual situation. It comes up in a different way because of the reorganization, but there have been many cases where an adversary has attempted through an assignment, either in bankruptcy or as part of a settlement, to basically turn around and sue lawyers and argue the opposite of what they were arguing before. There are a number of state court cases that we've discussed, and they all basically come out the same way, which is to recognize that as a matter of judicial integrity, you can't have a party come in and now claim that it should have lost when it won the case. And that's exactly what you have here. It comes up a little differently, but the result is the same. It's not exactly the same party. That's his point. His point is it's not exactly the same party. And we say, well, it's the same party by virtue of their ownership and control. And as we point out in our papers, the doctrine extends not only to the same party but to proof. And I think there's no doubt that apparent and subsidiary appropriation in the Ninth Circuit are treated as imprivity. In fact, there are a number of courts around the country that are faced with somewhat similar circumstances that have applied the doctrine to non-privilege. An example is the Brunswick case in the Seventh Circuit, where basically Brunswick bought one company, Chrysler bought another company. Chrysler decided not to pay any further licensing fees, and the court said, well, since you have stepped into their shoes as the owner of this former company, you are bound by their prior representations. The Capsulopoulos case, I probably would brutally pronounce that, is similar. In that case, the daughter, who was now the survivor of a father, was not allowed to allege the contrary of what he had alleged to get certain benefits. And the theory was that she was now in privity with him, even though she wasn't in the past. If you're right about this, and if Judge Cooper is right, then the situation is that a law firm can screw up a case big time by failing to allege affirmative defenses, causing a $3 million judgment to be entered that shouldn't have been entered, and they basically get a pass when the case resolves through bankruptcy, and the winner acquires the loser. I mean, the lawyers just get a freebie on this one. Your Honor, I think there's an element of that, just to be forthright, but there's a balancing of policies here, I think. You've got the double recovery problem in this case, and, of course, lawyers unfortunately mess up in cases a lot, and if a judgment is entered but that's never paid, for example, then there wouldn't be any damages. So this wouldn't be the only circumstances where arguably a lawyer made a mistake. Of course, we don't, as you know by our argument about a number of things, we don't concede any mistakes were made. Sure. But I think at best for the other side, you're balancing the possibility of the lawyers walking away from all of the things, the problems that attend to having the party come in and say the opposite of what they said before and obtain a double recovery, because they obtained a favorable settlement, as Judge Deeser pointed out, and now they're basically trying to add to that. And so Japan, since they're the 100 percent shareholder, if they recovered $3.5 million worth of value through the settlement, every $100 they get is simply a windfall to them. I'd also point out that I think the court was actually fairly measured. She, of course, dismissed the case in total, which sounds like a somewhat dramatic result. I think she would have been well within her rights to, under Rule 60D, set aside the original judgment. In fact, I think this court could do that sua sponte. There's no doubt that Watek Japan is not telling the truth to the court one way or the other. And the simplest way to understand that is in the statute of limitations. They can't simultaneously say they learned in 1998 or 1999. Oh, now we think we learned in 1996. Only one of those points can be true. And consequently, certainly the court could have held a hearing and decided that he said to counsel which is the truth, and if the truth is it was 1996, then she could have set aside the judgment. And I think this court could do that as well. The result's the same, and so I think it's a measured result. If the court doesn't have any questions, I'd like to just reserve the balance of my time. Sure. Good afternoon. Good morning. Good afternoon, Your Honor. Alan Michael for the Berger-Kahn Firm. Obviously our position is square with Mr. Stone's clients. We're co-defendants, both alleged to have combined with or co-counseled. If I had it a slightly different way, I would have said or responded to questions that I did hear previously. And that is simply that after Mr. G.K. mentioned the corporate formalities and Your Honor asked, well, what other facts might there be, and while he would show that corporate formalities were followed and that they were separate entities, the main argument is that it's a factual issue to decide whether or not a corporation such as Raytheon Japan is benefiting from a judgment or a recovery by its wholly owned subsidiary. Not just wholly owned, but wholly owned and controlled. It seems to me that that's not a factual determination. The judge sits there and looks at it and says, you've given me the facts, wholly owned, wholly controlled. The legal conclusion follows. It's a legal determination. It's not even a discretion call. The discretion comes in whether this is an appropriate result. And I think under the judicial discretion, granted. But I just don't see how that's a factual issue. It's not, for example, something you would give to a jury. You wouldn't say to a jury, you have a wholly owned subsidiary is the owner of the stock benefit. It's one actually equals the other. It's why there was no improper factual determination made by the judge below and why her exercise of discretion was appropriate. And we could talk about the gamesmanship issue, about how what is happening here is indirectly and through legal machinations. That was just prohibited. Mr. Stone made reference to it. But there are any number of ways in which a direct assignment, put a big X through it, that's not permitted in this State. You could perhaps have an asset, some transaction where the assets of Waytech America were acquired by Waytech Japan, and that would fail for the same reasons. And I think the judge was right when the judge said that this is gamesmanship and it's judicial gamesmanship. Nothing particularly evil about it. It's just wrong and it shouldn't be tolerated. They've tried a way to essentially assign a legal malpractice cause to action. But they honestly said they installed their own ownership. They installed their own management. And that, to me, is game, set, and match. If you have any questions, I'd be glad to answer. Thank you, Mr. Mayer. I think it's back to you. And don't forget there's a cross-appeal as well. If I could just address that. Sure. One, there would be no issue here if Waytech Japan never acquired ownership of Waytech America. Waytech America would be going forward on this malpractice claim right now. The fact that Waytech Japan later acquired ownership shouldn't change that result. The fact is Waytech America has been harmed and the pleading stage is entitled to go forward. We talked about, they briefly talked about assignment. Well, the principle of assignment is that legal action is personal to the client bringing the action. Waytech America is the one bringing the action. I don't think anyone disputes that, even though they may impute Waytech Japan's actions. Similarly, the concept of privity does not apply here to somehow tie Waytech Japan and Waytech America. Privity is based on the concept of similarity of interests, adequacy of representation. As the Court noted earlier, they were adversaries. Certainly they could not have been in privity at that time. Lastly, they raised the issue of ownership and control pled in the complaint. However, in numerous other circumstances, as I previously mentioned, ownership and control by itself is not sufficient to make a conclusion that somehow, you know, a subsidiary or a parent or any type of relationship, they're the same party. And that's the basis on which the Court applied the Doctrine of Estoppel, that essentially that Waytech Japan and Waytech America were the same party, like the Reserve Bank. They should have brought up the cross appeal, and you get the chance to respond to it, and they get the last word on the cross appeal. Okay. Well, with respect to the cross appeal then, the Court properly exercised discretion and found that at the time Waytech America filed its complaint in 2005, it could not be said to be legally and factually baseless from an objective standpoint. The Court properly took judicial notice of records before it to support its conclusion. Specifically, the Court took judicial notice of the fact that the defendant and attorneys argued in multiple motions before the Court that the affirmative defenses barred liability against Waytech America. The Court properly took judicial notice of the fact that those defenses were deemed waived by the failure of defendants to raise them in their answer or otherwise make a motion to amend. Lastly, the Court concluded that determining whether or not Waytech America had a proper malpractice claim against its attorneys is a question of fact that would require full consideration of the record, and that record was not before the Court. The Court based on the three foregoing items made the proper conclusion that when Waytech America first filed its complaint in 2005, it could not be said to be legally and factually baseless. As a result, whether or not counsel made a reasonable inquiry is irrelevant to that analysis since both prongs of the Rule 11 on a complaint require a complaint to be filed both baseless and without a reasonable inquiry. And the Court properly noted at the end that the fact that it exercised a discretionary doctrine to dismiss Waytech America's complaint did not otherwise mean the complaint was legally and factually baseless when it was first filed in 2005. Thanks. Thanks very much. Thank you, Your Honor. Limited to just the cross-appeal, if you would, sir. Yes, Your Honor, and very briefly. We acknowledge that Rule 11, the Court has lots of discretion, just as they should in judicial estoppel. They're in the best place to judge this. We think the Court looked at the wrong time period. If you read the order, it appears that she was focused on what was said in the first case as opposed to what did the reasonable attorney know the time you filed this complaint. I think the basis for the Rule 11 is simply this. I don't understand how a lawyer can put forth a declaration of a client and argue to the Court that something happened in 1998 or 1999 and then file a complaint that says it happened in 1996. I just don't think you can do that consistent with Rule 11. You can't change your position on the facts when it suits your financial interest. That's the basis of our Rule 11 appeal. If there are no further questions, we'll submit. Thank you, Mr. Michael. Mr. Stone, thank you. Mr. Gikai, thank you as well. The case just argued is submitted, and I think that concludes the rest of the day. Mr. Nelson, we'll see you in the conference room. Thank you. All right.
judges: Beezer, Nelson, Silverman